This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Brenda Kelley f.k.a. Brenda Bishop ("Brenda"), appeals from a judgment of the Wayne County Court of Common Pleas that found her in contempt of a prior court order. We affirm.
The parties were once married and have three minor children, two of whom reside with their father, appellee, Theodore Bishop ("Theodore"). The order that designated Theodore as the residential parent of those two children also indicated that Theodore would be responsible for the first $100 of each child's medical expenses annually and the parties would split all additional medical expenses. On September 25, 2000, Theodore moved the trial court to, among other things, find Brenda in contempt for failing to pay her share of the children's medical expenses.
Following a hearing before a magistrate, the magistrate found that Brenda had failed to pay her share of the medical expenses and that she was in contempt of the court's prior order. The trial court adopted the magistrate's decision. Brenda filed no objections to the magistrate's decision.
Brenda appeals and raises one assignment of error.
 ASSIGNMENT OF ERROR The trial court abused its discretion in finding that Brenda Kelley was in contempt of the court's prior order pertaining to medical expenses.
Brenda contends that the trial court abused its discretion by finding her in contempt. Because the trial court's order was based on the decision of a magistrate, Brenda can raise on appeal only those challenges that she properly preserved pursuant to Civ.R. 53. Specifically, Civ.R. 53(E)(3)(b) provides that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." A party's failure to object to a magistrate's report prevents this Court from considering error in the lower court decision. In the Matter of Estate of Kordiac (Oct. 20, 1999), Summit App. No. 19192, unreported, at 3. Brenda failed to raise any objections to the magistrate's decision that she should be held in contempt. Consequently, she is precluded from raising this challenge on appeal. Brenda's assignment of error is overruled.
The assignment of error is overruled and the judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ____________________________ LYNN C. SLABY
BAIRD, P.J., WHITMORE, J. CONCUR.